ELIZABETHTOWN & PADUCAH RY. CO. *v.* DANIEL KLINGLESMITHS.

**Eminent Domain—Measure of Damages—Enhanced Value—Instructions.**
> As appellees are entitled to be paid the value of the land taken, notwithstanding any enhancement in the value of those not taken, by reason of the construction of appellants' road, the jury should have been instructed, that in estimating the value of the land taken, the enhanced value, if any, to the entire tract should not be allowed to enter into their estimate at all.

APPEAL FROM HARDIN COUNTY CIRCUIT COURT.
April 20, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY.

There was no error upon the part of the county court in admitting or refusing to admit testimony. Nor can we determine that it did not exercise a sound discretion in regulating the introduction of evidence and the argument of the cause.

The instructions given the jury, however, do not conform to the views of this court or to the law of the case, as expressed in the opinion delivered at this term in the case of this appel-

lant vs. Helm's Heirs. As appellees are entitled to be paid the value of the land taken, notwithstanding any enhancement in the value of those not taken, by reason of the construction of appellant's road, the jury should have been instructed that in estimating the value of those taken, the enhanced value if any to the entire tract should not be allowed to enter into their estimate at all.

The instructions as given allowed the jury to charge the railroad company with the value. The proposed construction of its road may have added to the land taken, and in this respect they were prejudicial to the party complaining in this court.

The judgment is reversed and the cause remanded for a new trial upon the principles herein indicated.

The questions in controversy between Wintersmith and the Klinglesmiths can not be settled upon this appeal. One appellee can not prosecute a cross appeal against another. Wintersmith must prosecute an original appeal, which may be done upon this record, but there must be service of process.

*Brown & Murray, Pindell, for appellants.*

*Wintersmith, for appellees.*